Evelyn L. Marks, Appellant, v. Thos. Cook &
Sons-Wagon-Lits, Inc., Appellee.

Gen. No. 41,730.

Heard in the second division of
this court for the first district at the June term, 1941.
Opinion filed November 17, 1942.

JULIAN C. RYER, of Chicago, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON &
MORSE, of Chicago, for appellee; JESSE H. BROWN, of
Chicago, of counsel.

MR. PRESIDING JUSTICE SULLIVAN delivered the opin-
ion of the court.

This appeal seeks to reverse a judgment order of
the municipal court of Chicago, which dismissed the
instant action brought by plaintiff, Evelyn L. Marks,
to recover damages from the defendant, Thos. Cook &
Sons-Wagon-Lits, Inc., for the alleged breach of a
contract of carriage entered into between the parties,
which contract covered a pleasure trip by plaintiff
from Chicago to the Mediterranean sea and certain
African ports and return to Chicago. The voyage

included several side trips, one being to Rabat, French Morocco, Africa, where it was alleged plaintiff was injured in an automobile accident while being conducted on said trip.

Plaintiff originally brought suit against the defendant in the United States District Court for the same damages alleged to have resulted from the same accident and pursuant to the order of that court filed a bill of particulars. This was stricken on November 10, 1939 by agreement of the parties and an order was entered directing plaintiff to file an amended bill of particulars. Upon the failure of plaintiff to file the amended bill of particulars, the United States District Court by order entered February 19, 1940 dismissed the suit under rule 12(e) of the rules of civil procedure of the United States District Courts, which provides as follows:

"(e) Motion for More Definite Statement or For Bill of Particulars. Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, *the court may strike the pleading to which the motion was directed or make such order as it deems just.* A bill of particulars becomes a part of the pleading which it supplements." (Italics ours.)

No appeal was taken from the foregoing order of dismissal entered by the United States District Court nor was a motion made to vacate such order.

On May 28, 1940 plaintiff, Evelyn L. Marks, filed the instant action in the municipal court of Chicago

and defendant moved to strike the statement of claim on several grounds, one of which was that plaintiff's action was barred by the statute of limitations. In opposing this motion plaintiff filed the affidavit of Maurice Kelner, her then attorney, which alleged *inter alia* that the prior action in the United States District Court and the instant suit were identical as to the parties and subject matter. Attached as an exhibit to said affidavit was the order entered in the United States District Court case on February 19, 1940 reciting the failure of plaintiff to file an amended bill of particulars therein as ordered by that court and dismissing that case under rule 12(e) of the rules of civil procedure of the United States District Courts. The motion of defendant to strike the statement of claim filed herein was denied and a defense was filed. Thereafter defendant obtained leave to withdraw its defense and to file a motion to dismiss upon the ground that under rule 41(b) of the United States District Courts' rules of civil procedure, the dismissal of the federal court case constituted an adjudication upon the merits.

Rule 41(b) is as follows:

"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for improper venue, operates as *an adjudication upon the merits.*" (Italics ours.)

Defendant's motion to dismiss, predicated upon the foregoing rule, was sustained and the case was dismissed by Judge LAMBERT K. HAYES of the municipal court. As heretofore shown, it is from this judgment order of dismissal that this appeal is prosecuted.

Plaintiff contends that "the alleged adjudication is not properly pleaded, and the question is only raised by an affidavit setting forth a rule of the federal rules of civil procedure;" and that "when a party to a pending suit pleads former adjudication, as a bar, it must be made to appear that there is an identity of parties, identity of subject matter, identity of cause of action and that the record in the prior suit shows that the particular controversy was necessarily tried and determined."

Defendant's theory as stated in its brief is that "the record of the municipal court on the basis of which the court dismissed the case contained every element necessary for a complete consideration of defendant's motion to dismiss, and that the order of dismissal was correctly entered and that the authority and effect of rule 41(b) of the rules of civil procedure of the district courts cannot be attacked in the municipal court, particularly when the plaintiff had ample opportunity to assert her rights in the district court, but abandoned her suit; that plaintiff had her day in court but refused to file pleadings which were sufficient in law."

The only question presented for determination is whether the United States District Court's dismissal of the action filed therein involving the identical parties and subject matter as are involved in this case constituted such an adjudication as barred the maintenance of the instant action in the municipal court of Chicago.

In our opinion the adjudication by the United States District Court is a complete bar to the prosecution of the same cause of action in the municipal court. As

heretofore shown plaintiff filed the affidavit of her attorney in opposition to defendant's motion to dismiss the case at bar on the ground that the statute of limitations had run. This affidavit contained the positive averment that the case in the United States District Court and the instant case were identical as to parties and subject matter. The affidavit set forth the order entered by the United States District Court under its rule 12(e) dismissing the suit for plaintiff's failure to file an amended bill of particulars. Defendant's motion to dismiss was predicated upon rule 41(b) of the rules of civil procedure of the United States District Courts, heretofore set forth, which provides that a dismissal under the circumstances shown "operates as an adjudication upon the merits." Thus the municipal court trial judge had before him every fact necessary to the determination of the rights of the parties.

It is strenuously urged in plaintiff's behalf that she is being unjustly deprived of the right to a trial of the case on the merits. It is true that the prior adjudication in the United States District Court did not result from a trial on the merits but resulted from plaintiff's failure to comply with Rule 12(e) of that court. Plaintiff selected that court in the first instance as the forum for the trial of the case. By so doing she voluntarily assumed the privileges and obligations of the rules of procedure of such court. She could have had a trial upon the merits in the United States District Court by complying with its order to file a proper and sufficient pleading. But this she refused to do and thereby abandoned her action. After such abandonment the federal court under its rules had no other course to pursue than to dismiss her case on defendant's motion. As heretofore stated plaintiff neither appealed from said order of dismissal nor did she move to vacate same. If she had been sufficiently interested and diligent she could have asked that the

order of dismissal be entered "without prejudice" to her refiling her suit at a later date either in that court or some other court of competent jurisdiction, or within six months she could have moved upon a proper showing to set aside the order of dismissal. (Rule 60(b) United States District Courts rules of civil procedure.) As has been seen plaintiff did none of the things necessary to preserve her right to a trial on the merits in the federal court but simply abandoned her right of action there.

It was not for the municipal court and it is not for this court to question either the propriety or the constitutionality of rule 41(b) of the rules of civil procedure of the United States District Courts which provides, as already shown, that the dismissal of a case in the federal court under the circumstances disclosed herein "operates as an adjudication upon the merits."

We are impelled to hold that the trial court properly decided that the prior adjudication by the United States District Court constituted a bar to the maintenance of the instant action in the municipal court.

The judgment order of the municipal court of Chicago is affirmed.

*Judgment order affirmed.*

SCANLAN and FRIEND, JJ., concur.