[Civil No. 4394.   Filed January 19, 1942.]

[121 Pac. (2d) 421.]

M. R. CRAFT, Doing Business Under the Firm Name and Style of ARIZONA WHOLESALE ELECTRIC CO., Appellant, v. J. E. CANNON, Doing Business Under the Firm Name and Style of CANNON ELECTRIC COMPANY, Appellee.

Messrs. Stockton & Karam, Mr. Eli Gorodezky and Mr. J. W. Cherry, Jr., for Appellant.

Messrs. Woolf & Shute, for Appellee.

ROSS, J.—This is an appeal from a judgment dismissing plaintiff's complaint and awarding costs to defendant.

The action is by M. R. Craft, doing business under the firm name and style of Arizona Wholesale Electric Co., against J. E. Cannon, doing business under the firm name and style of Cannon Electric Company, and is for the agreed and reasonable value of goods, wares and merchandise sold and delivered to defendant between the dates commencing August 8, 1931, and ending July 2, 1937, less payments credited thereon.

The defendant's answer consists of a general denial and a plea of the statute of limitations.

The judgment fails to show the grounds upon which the dismissal was made. Defendant's motion to dismiss, filed June 10, 1940, to which the judgment was a response, set forth three grounds for dismissal of the action:

1. Failure of plaintiff to prosecute the action with diligence, or at all.

2. Failure to furnish a bill of particulars pursuant to defendant's ''Demand for Items of Account and Bill of Particulars,'' filed March 27, 1939.

3. Failure of plaintiff to comply with an order of the court of April 17, 1939, granting defendant's motion for a bill of particulars.

The dismissal might have been for any one or all of said grounds. We will consider the grounds together and ascertain from the record whether the dismissal was justified for the reasons asserted.

The action was filed November 18, 1938. Defendant answered December 9th by general denial and the plea of limitation. The case being at issue, plaintiff filed a motion on December 14, 1938, asking that it be set for trial. On December 19, 1938, in response to this motion, the case was set down for trial April 4, 1939, and on March 27, 1939, more than three months later and within eight days of the trial setting, defendant filed a ''Demand for Items of Account and Bill of Particulars,'' and on April 4th the plaintiff furnished defendant a bill of particulars

''showing the dates of purchase or delivery of the merchandise sold by plaintiff to defendant, the invoice number covering each sale, the amount of each invoice and the payments made thereon.''

This bill of particulars was not satisfactory to defendant and on April 13, 1939, he filed exceptions to it, and these exceptions were sustained by the court on April 17, 1939, and the plaintiff was required to file another bill of particulars, but without limitation of time.

While the case stood in that status, the plaintiff, on September 21, 1939, again moved that it be set for trial and when the motion came on for hearing on September 25th the defendant objected to the setting of the case until a bill of particulars was filed, the minute entry being ''let the record show that the Court is of the opinion that the bill of particulars must be filed before case can be set for trial.''

On June 10, 1940, Messrs. Moore & Romley, who had filed the action for plaintiff, with the permission of the court withdrew as attorneys for plaintiff, and on June 17, 1940, Henderson Stockton and S. N. Karam were substituted as plaintiff's attorneys.

On June 22, 1940, plaintiff's attorneys filed a bill of particulars

"showing the dates of purchase and delivery of the merchandise sold by plaintiff to defendant, the invoice number covering each sale, the quantity of each item, description of each item, the price thereof and the payments and credits made thereon."

This last bill of particulars complied with the law in the last detail, and covers some 90 pages of the abstract. It differed from the one filed on April 13, 1939, in that it set out a copy of the plaintiff's books of entry, showing debits and credits, whereas the early one gave only the date of purchase, the number of the invoice and the amount of each invoice and the payments thereon.

On July 1, 1940, the court entered its order (granting defendant's motion filed June 10, 1940), dismissing the action and striking the bill of particulars, and thereafter, on January 27, 1941, judgment was regularly entered thereon.

After a careful and thoughtful consideration of the record, we are of the opinion the court abused its discretion in dismissing the action. It appears from the record that the plaintiff was unusually diligent and active in his efforts to have the case tried. Immediately after it came to issue, he was asking for a trial date, and the case was set for April 4, 1939. Eight days before such date, and more than three months after the case had been set, defendant asked for a bill of particulars and one was filed by plaintiff on April 4th, the date of trial. The record does not show why the trial was not had on that date, but we presume it was because of objections by defendant to the bill of particulars. This bill of particulars referred to the different invoices rendered defendant at the times of sales for details as to description of the property sold and price thereof and the payments made thereon. If defendant had preserved such invoices, and he does not contend that they had been

lost or destroyed, it would seem the bill of particulars furnished should have suffced, but the court thought otherwise and ordered plaintiff to file another bill of particulars, without specifying any limit of time within which to file it. Whether the court was right or not, plaintiff should have complied with the order to file another bill of particulars, and he did. On June 22, 1940, and before the court had entered its order of dismissal, a bill of particulars was filed, against which, as to form and sufficiency, no objection was or could be made.

Again, on September 21, 1939, plaintiff sought a setting of the case for trial but the court refused to set it down for trial until after another bill of particulars was filed. We think the case should have been set down for trial and, if the bill of particulars was not filed in time to give the defendant an opportunity to prepare to meet it, the case should have been reset for a later date, or tried and the plaintiff denied the right to submit evidence to prove his account. *Proto v. Chenoweth,* 33 Ariz. 496, 266 Pac. 13.

It looks to us very much like somebody was afraid to meet the issues. Who would gain by delay? Surely not the creditor. He wanted his money, as the record shows, and he wanted it bad enough to hire lawyers to sue for it, and after he filed his suit he was pressing it for trial, not successfully, it is true, but nevertheless pressing it. Twice he requested that the case be set for trial. When he was informed that his first bill of particulars was adjudged insufficient, in good faith he tried to conform with the court's order and before any action, on account of delay, was taken, had filed a good and sufficient bill of particulars. The delay here was not for lack of interest in his case but a lack of realization that a failure to file a bill of particulars, although the

time for doing so was not limited, would result in a dismissal of his case.

It is doubtless within the power of the court to dismiss a plaintiff's action for lack of diligence in prosecuting it, as also within its power to strike a bill of particulars filed at a date later than ordered by the court, but that discretion in this case has no facts upon which to operate. Therefore, the judgment is reversed and the cause remanded with directions that the action be reinstated and further proceedings had in accordance with law.

LOCKWOOD, C. J., and McALISTER, J., concur.