**CURACAO TRADING CO., Inc., v. FEDERAL INS. CO. et al.**

District Court, S. D. New York.

Sept. 25, 1942.

See, also, 40 F.Supp. 846; 2 F.R.D. 265.

Gustave Simons, of New York City (Theodore E. Wolcott, of New York City, of counsel), for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne and John L. Conners, both of New York City, of counsel), for defendant.

204

CONGER, District Judge.

Defendant, William Stake & Co., Inc., moves (1) under Rule 12(b), subd. 6, of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order dismissing the action upon the ground that the complaint fails to state a claim upon which relief can be granted; (2) under Rule 8(e), subd. 1, for an order dismissing the action upon the ground that the averments of the complaint are not simple, concise and direct; (3) under Rule 12(f), for an order striking certain paragraphs from the complaint upon the ground that they are redundant, immaterial and impertinent and striking that part of the last paragraph wherein plaintiff demands judgment against the Federal Insurance Company. In the alternative, defendant moves under Rule 21 for an order dropping the Federal Insurance Company as a named party defendant and striking from the complaint all paragraphs dealing with the alleged liability of the Federal Insurance Company to the plaintiff.

The complaint is unduly lengthy and is replete with legal conclusions and evidentiary facts. Apparently this is the third complaint and the third action against the defendant, William Stake & Company, Inc., hereafter referred to as Stake, and is the second complaint and second action against the defendant, Federal Insurance Company, hereafter referred to as Federal. The first complaint was against both defendants and is identical in every respect with the complaint in question. That action was originally commenced in the New York Supreme Court. Before any determination in that case was made the cause of action against Federal was removed to this Court. A motion was made to remand said cause of action against Federal to the state court, which motion was denied by Judge Coxe, who held that the complaint stated two separate and distinct causes of action, one against the defendant Federal and the other against the defendant Stake. Curacao Trading Co. v. Federal Insurance Co., D.C., 40 F.Supp. 846.

The state court action against Stake was then discontinued and another action was commenced against Stake in this Court. The complaint in that action was substantially similar to the complaint in the case at bar. A motion to dismiss that complaint was granted by Judge Goddard with leave to amend upon the ground that it did not clearly set forth the issues nor did it sufficiently state a claim upon which relief might be granted (Civil 15—412, December 20, 1941). Instead of serving an amended complaint plaintiff moved for an order permitting it to join Stake as a party defendant in the action pending against Federal. This motion was also denied by Judge Coxe, who again held that the issues with respect to the claims against each of the defendants were quite different. The plaintiffs then attempted to get around Judge Coxe's decision by having the court clerk issue a summons against Stake in the action against Federal. This "species of self-help" was condemned by Judge Rifkind, who vacated the summons (Civ. 10—445, February 20, 1942).

The defendant Federal then moved for summary judgment in the action pending against it, which motion was recently granted by Judge Clancy, D.C., 50 F.Supp. 441, July 1, 1942. Before this decision was rendered, however, the complaint in question was served on the defendant Stake.

It can readily be seen, therefore, that as to the defendant Federal, who incidentally has not as yet been served, the decision of Judge Clancy would be res adjudicata; and as to the defendant Stake all allegations with respect to the separate cause of action against Federal are immaterial and do not properly belong in the complaint.

However, the complaint is faulty in other respects. Apparently the plaintiff is seeking to allege a cause of action against Stake for breach of certain oral warranties to the effect that an insurance policy and certificate, obtained by Stake for the plaintiff, protected the plaintiff against all losses caused by the failure of a warehouse to deliver certain goods upon demand. There are allegations to the effect that the goods were not delivered on demand and when this fact was communicated to the insurance company, the company refused to pay. However, plaintiff fails to allege that the policy was void and unenforceable or that it did not cover the loss in question. Instead the complaint alleges that the insurance company contends that the policy was void and unenforceable and for that reason it refused to pay. Proof of this allegation will not suffice to prove that the policy was in fact void and unenforceable or that the policy did not cover the loss in question. In the absence of such proof there cannot be a breach of the warranties in question. Furthermore, there is considerable doubt as to whether there can be a breach of the

warranties in question in view of the fact that Judge Clancy, in granting the motion for summary judgment referred to above, found that these so-called warranties, were not warranties at all but were merely opinions as to the coverage of the policy gleaned from the wording of the policy itself.

It is difficult to determine from the complaint whether the plaintiff is also attempting to allege a cause of action against the defendant Stake for breach of an implied warranty of authority; or, as pointed out by Judge Goddard, a cause of action for breach of a contract to indemnify the plaintiff for any loss whatever, including losses caused by the failure of the insurance policy to cover the risks purported to be covered thereby. The issues are not set forth with sufficient definiteness to enable the defendant properly to prepare a responsive pleading.

The motion to dismiss is granted with leave to amend the complaint within twenty days.

Settle order on notice.