ADCOX *v.* SOUTHERN RY. CO.

(*Knoxville*, September Term, 1944.)

Opinion filed December 2, 1944.

8

R. W. KEMMER and L. D. FARRAR, both of Chattanooga, for plaintiff-plaintiff in error.

WHITAKER, HALL, HAYNES & ALLISON, of Chattanooga, for defendant-defendant in error.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error, Rosa Mary Adcox, as administratrix of the estate of Charlie Ammons, brought suit in the Circuit Court of Hamilton County against the defendant Railway Company to recover compensation for the wrongful death of her intestate who was killed by a train of defendant on December 10, 1942. On February 15, 1943, suit was instituted by the plaintiff on the pauper's oath. Thereafter, on March 8, 1943, the case was, upon application of the defendant, transferred to the United States District Court at Chattanooga, Tennessee. When the record was filed in that court the defendant moved the Court for an order requiring the plaintiff to give bond or file a pauper's oath as required by Rule 32 or Rule 61 of the local rules of the Federal Court in force at that time. Rule 32 reads as follows:

"32. Causes Prosecuted or Defended in Forma Pauperis.

"1. Any citizen of the United States desiring to commence and prosecute any suit or action *in forma pauperis* in accordance with the acts of July 20, 1892 (c. 209), and June 25, 1910, shall file in court a statement in writing under oath, showing: (a) the nature of the cause of action, briefly set forth; (b) the citizenship of the parties and

other jurisdictional facts; (c) all other persons, if any, beneficially interested in the recovery sought, including any persons for whose use and benefit the cause is to be prosecuted and any counsel who has undertaken to prosecute the same for a contingent fee depending upon the recovery; (d) that he believes he is entitled to the redress sought; and (e) that because of poverty he and all of the persons so beneficially interested in the recovery are unable to pay the costs or to give security therefor. . . ."

The pertinent part of Rule 61 is as follows:

"61. Deposits for Costs. The clerk of the court shall not be required to docket any cause, except where the United States is a party, or where the person requiring services is relieved by law from the prepayment of fees and costs, until a deposit of an amount to be fixed by the clerk, not exceeding twenty-five dollars, shall be made with him by the plaintiff as a payment of the clerk's and marshal's costs which may be incurred by the plaintiff in the progress of the cause. . . ."

The motion was sustained and plaintiff's suit was dismissed. Attorneys for the plaintiff refused to give a bond or file the pauper's oath as required by the foregoing rule of court. It was for this reason that the Court dismissed plaintiff's suit. There is a stipulation in the record that the plaintiff is a poor person within the meaning of our statute. Following the dismissal of plaintiff's case, she re-instituted her suit in the state court against the defendant for $2,999.99. The filing of the present suit was within twelve months after the alleged wrongful death of plaintiff's intestate. The parties to this suit are the same as in the original case that was transferred to the United States District Court. When the plaintiff re-instituted her suit in the state court for an amount within the exclusive jurisdiction of that court, the defendant

filed a plea of not guilty and also a special plea of *res judicata* to the effect that her suit in the Federal Court had been dismissed because of a failure of the plaintiff and her counsel to comply with Rule 32 and Rule 61 "with reference to the pauper's oath and giving bond." Thereupon the plaintiff's attorney moved to strike the special plea, which motion was overruled. The plaintiff then filed a replication to the special plea, to which defendant demurred. The demurrer was sustained and plaintiff's suit dismissed. An exception was taken and an appeal granted to this Court. The assignments of error are as follows:

(1) The Court erred in sustaining defendant's demurrer to the plaintiff's replication, thereby dismissing the case. (2) The Court erred in holding plaintiff's replication was insufficient as a matter of law to relieve her of the effects of a Federal Court dismissal such as the defendant relied on in its special plea of *res judicata*. (3) It was error for the trial court to hold plaintiff's replication did not controvert the facts relied on by defendant in its plea of *res judicata* and in holding plaintiff's replication presented no matters which have not already been disposed of, and accordingly dismissed plaintiff's suit.

When plaintiff's attorneys filed their original brief and "assignments of error," the foregoing specific assignments did not appear therein. It is insisted by defendant that the appeal should be dismissed for failure of the plaintiff to comply with Rule 14 of this Court requiring appellant to point out clearly and specifically the errors complained of; that the foregoing assignments were filed too late. We think the motion is without merit since the original brief contains a clear statement of the case and leaves the Court in no doubt as to the legal

question in dispute. On the original brief of plaintiff's attorneys there appears the following reasonably concise statement of the holding of the trial judge, which is claimed to be error:

"The trial court in the instant case held, under the circumstances, that the dismissal of plaintiff's case in the Federal Court was equivalent to a trial on its merits, and such dismissal was a bar to the prosecution of the present suit. The plaintiff commenced the present suit in the Circuit Court on the oath allowed poor persons. The order in the Federal Court, however, required her to make a bond or again take the pauper's oath, and also required her Attorneys to make a bond or take the pauper's oath and if the plaintiff had again prepared and filed another pauper's oath in the Federal Court it would not have availed her of anything whatsoever, because the suit was ordered to be dismissed unless her Attorneys would make a bond or take the pauper's oath.''

It is the contention of the defendant that the said Federal Rule 41 (b), 28 U. S. C. A. following section 723c, provides that the involuntary dismissal of any such cause of action as here involved "operates as an adjudication upon the merits.'' There is a stipulation in the record to the effect that the case was dismissed upon motion of the defendant and without the approval or knowledge of plaintiff's attorneys. The above rule, relied on by defendant, reads as follows: .

"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may

move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.''

A number of cases are cited by defendant in support of its contention: *Dudley* v. *Community Public Service Co. et al.* (5 Cir.), 108 F. (2d) 119; *Carnegie Nat. Bank* v. *City of Wolf Point* (9 Cir.), 110 F. (2d) 569; *Blake* v. *De Vilbiss Co.* (6 Cir.), 118 F. (2d) 346; *United States ex rel. Randolph* v. *Ross, District Judge,* 298 F. 64, 33 A. L. R. 728; and *Marks* v. *Thos. Cook & Sons, etc.,* 316 Ill. App. 318, 45 N. E. (2d) 66.

We have carefully examined each of these decisions and feel that they are not controlling in the instant case. In the *Dudley Case* the question now before us was not presented or considered. It appears that the plaintiff Dudley brought suit in the state court against two defendants, one of whom was a resident of the State of Texas, the other a non-resident. When the case was transferred to the Federal Court the plaintiff moved to remand to the state court upon the ground that the United States District Court was without jurisdiction, since one of the defendants, a local resident, was jointly charged with negligence with his co-defendant. The District Judge denied the motion and dismissed the case pursuant to Rule 41 (b), 28 U. S. C. A. following section 723c. We find the only error assigned in the appellate court relates to the dismissal of the plaintiff's motion to remand. The question of jurisdiction was there involved under Rule 41 and not a disposition on the merits.

In *Blake* v. *De Vilbiss*, the plaintiff's suit was dismissed by the trial judge for failure of plaintiff to comply with an order of court to file more specific averments of negligence. The appellate court affirmed the lower court, holding that his action was not an abuse of discretion. The question of a disposition on the merits was not involved.

The case of *Carnegie National Bank* v. *City of Wolf Point, supra*, was a suit in equity to enforce the payment of city bonds. It was there held, "An equity court has general authority, independently of statute or rule, to dismiss cause in exercise of sound judicial discretion." The case was remanded to the lower court for final disposition.

In *United States ex rel.* v. *Ross, District Judge*, the United States Circuit Court of Appeals (Sixth Circuit) sustained the validity of Rule 32, invoked in the instant case. The District Judge dismissed plaintiff's case for failure to comply with the aforesaid rule. Thereupon the plaintiff filed a petition in the appellate court for a writ of *mandamus* to compel the trial judge to permit the case to be prosecuted *in forma pauperis*. The writ was denied. The question now before us was not discussed by the appellate court.

The case of *Marks* v. *Thos. Cook & Sons, etc.*, appears to support the insistence of the defendant. It is from an intermediate appellate court of the State of Illinois and it is to be noted that no decisions are cited in support of the opinion.

In all of the foregoing cases, with one exception above referred to, no reference is made to the federal statute which provides that the rule shall not enlarge or abridge or modify the substantive rights of any litigant. Act of June 19, 1934, 28 U. S. C. A., sec. 723b. No one

questions the rule-making power of the Supreme Court of the United States when its rules are promulgated under Congressional authority. "A rule of court thus authorized and made has the force of law." Simpkins Federal Practice, p. 18. The learned author, in discussing rules and rule-making power, says (p. 17, section 7):

"Function of Court Rules. 'The function of rules is to regulate the practice of the court and to facilitate the transaction of its business. . . . No court rule can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substantive law. This is true whether the court to which the rules apply be one of law, of equity, or of admiralty. It is as true of rules of practice prescribed by this court for inferior tribunals, as it is of those rules which lower courts make for their own guidance under authority conferred.' The statute under which the new rules were adopted expressly provides that *the rule shall neither abridge, enlarge, nor modify the substantive rights of any litigant.* New Civil Procedure Rule 82 specifically states that the rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." (Italics ours.)

 The right, which plaintiff claims has been denied her by the application of Rule 41 (b) of the Federal Rules, is found in Section 8572 of the Code of Tennessee, and reads as follows:

"New action within one year after inconclusive judgment, dismissal, arrest, or reversal.—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed

on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest.''

Without questioning either the importance or the validity of Rule 41 (b), we think it should be construed so that the rights of litigants under the foregoing statute will not be impaired. The Supreme Court of the United States in promulgating the so-called Federal Rules certainly did not intend that its rules should abridge state statutes which expressly protect the rights and remedies of litigants in the courts of this state. Moreover, Congress had no intention of conferring such authority upon the Court, for the very statute under which the new rules were adopted expressly provides that the rule shall not have the effect of abridging or modifying ''the substantive rights of any litigant.'' We think the right to bring a new suit within one year, following a judgment of dismissal without a trial on the merits, is a substantive right. The rule that is here invoked can be preserved without applying it arbitrarily to every case that the trial judge may see fit to dismiss in the exercise of sound judicial discretion. It should not be thought of as embodying an immutable principle and applicable alike to every case without regard to whether it be brought in good faith and has merit or one that possesses only a nuisance value. In the instant case, the judgment of dismissal in the Federal Court does not state whether the case is dismissed with or without prejudice. We cannot hold that it was a dismissal on the merits because it is not true either in law or in fact.

It results that the judgment of the trial court is reversed and the case remanded for further proceedings.

GREEN, C. J., CHAMBLISS and GAILOR, JJ., and WEBB, Special Judge, concur.