**READING v. ATCHISON, T. & S. F. RY. CO.**

No. 47 C 770.

District Court, N. D. Illinois, E. D.

Nov. 18, 1947.

Roman E. Posanski, of Chicago, Ill., for plaintiff.

Thomas J. Barnett, Floyd J. Stuppi and Philip Von Ammon, all of Chicago, Ill., for defendant.

LA BUY, District Judge.

The amended complaint herein is based on an alleged trespass to realty by flooding in the years 1944, 1945, 1946 and 1947 caused by defendant's right of way and for deprivation of plaintiff's use of an adjacent public road. The relief prayed for is equitable. Defendant has filed a motion to dismiss said amended complaint on the ground of res judicata.

On July 13, 1946 plaintiff filed a complaint at law against defendant in the Circuit Court of Grundy County, Illinois, which was removed by defendant to the district court. On October 8, 1946 the

cause was dismissed for want of prosecution. On October 14, 1946 plaintiff obtained an order vacating the dismissal and was granted leave to file an amended complaint instanter. That amended complaint is for the same injury as the present complaint with the exceptions of the injury alleged for the year 1947 and the request for equitable relief. On November 12, 1946 the cause was called for trial and plaintiff failed to respond whereupon the court entered the following order: On motion of defendant order cause dismissed for want of prosecution at plaintiff's costs. No action was taken by plaintiff within the requisite period of time to vacate or appeal from that order.

Application of Federal Rules of Civil Procedure, rule 41(b), 28 U.S.C.A. following section 723c, is urged by defendant which reads as follows: "Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Plaintiff contends the rule was not intended to abrogate a substantive right of the plaintiff which he alleges is granted by Chapter 83, Limitations, Section 24a, Smith-Hurd Ann.Stats. That section reads: "In any of the actions specified in any of the sections of this act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Plaintiff cites the above section as a bar to the operation of Rule 41(b) stating that where a plaintiff has been nonsuited he is given a right to bring the action within a year. It is important to note this section applies only where time has expired during the pendency of a suit in which the plaintiff was nonsuited and does not apply where at the time of nonsuit there remains any unexpired portion of time for bringing such suit. Wiggins Ferry Co. v. Gardner, 91 Ill.App. 20; Dukes v. Harrison & Reidy, 270 Ill.App. 372. Actions to recover damages for injury to property, real or personal, shall commence within five years next after the cause of action occurred. Ch. 83, Sec. 16, Ill.Rev. Stats. The application of section 24a of the Illinois statute on the cause of action herein shows that plaintiff's prior action for trespass in the years 1944, 1945 and 1946 was not barred by the statute of limitations and still is not barred by the statute of limitations.

Under the operation of Rule 41(b) plaintiff's claims for trespass in the years 1944, 1945 and 1946 are res judicata by virtue of their prior dismissal for want of prosecution and the court sustains defendant's motion thereto. Plaintiff's claim for trespass in the year 1947 and any equitable relief prayed for in the present complaint are not within the scope of the bar of res judicata.

An order not inconsistent herewith should be presented to the court for entry within five days from date hereof.