**ADAMS et al. v. JARKA CORPORATION et al.**

United States District Court
S. D. New York.

Dec. 20, 1948.

Francis M. McInerney, of New York City, for plaintiffs.

Lord, Day & Lord, of New York City, (Thomas F. Daly, of New York City, of counsel), for defendants Marra Bros., Inc., and Isbrandtsen Company, Inc.

Clark, Carr & Ellis, of New York City, for defendants Holland American Line, The Jarka Corp. and Pittston Stevedoring Corp.

Coller & Coller, of New York City, for defendants Harry P. Jansen and Harry P. Jansen, Inc.

Harold L. Fisher, of New York City, for defendant John T. Clark & Son.

Herman Goldman, of New York City (Benjamin Wiener, of New York City, of counsel), for defendants Northern Dock Co., Inc., Atlantic Piers, Inc., Atlantic Operating Co., Inc., Kerr Steamship Co., Inc., Universal Terminal Stevedoring Co.

Haughwout & Matthews, of New York City, for defendant Jules S. Sottnek Co., Inc.

Haight, Griffin, Deming & Gardner, of New York City, for defendant Mersey & Hudson Warfage Corp.

Hays, St. John, Abramson & Schulman, of New York City, for defendant Bush Terminal Co.

King & Lynch, of New York City, for defendants M. P. Smith & Sons, Inc., and Stevenson & Young, Inc.

Macklin, Brown, Lenahan & Speer, of New York City, for defendant Turner & Blanchard, Inc.

A. F. McGrath, of New York City, for defendant John W. McGrath Corp.

Gay & Behrens, of New York City, for defendants Ryan Stevedoring Co., Inc., and Waterman Steamship Corporation.

Gates, Levitt & Notkins, of New York City, for defendant Flomarcy Co., Inc.

Allan D. Emil and Hugo I. Evans, both of New York City, for defendant Union Stevedoring Corporation.

Kirlin Campbell Hickox & Keating, of New York City (James H. Herbert, of New York City, of counsel), for defendants Bay Ridge Operating Co., Inc., and United States Lines Co.

KAUFMAN, District Judge.

On September 11, 1947, the day before the two year statute of limitations provided by Congress in the Portal-to-Portal Act, 29 U.S.C.A. § 255, became effective, plaintiffs' attorney filed with the clerk of this court the complaint in this action to recover overtime pay on behalf of a number of longshoremen. A summons was thereafter issued by the clerk and delivered to plaintiffs' attorney, but was not forthwith issued to the marshal for service as provided by Rule 4(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Instead, plaintiffs' attorney retained possession of the summons and intentionally refrained from making any attempt to have it served. On June 24, 1948, upward of nine months after the summons had been issued, plaintiffs' attorney applied ex parte for an order extending his time to serve the summons and complaint, setting forth in his affidavit in support of the order that his time to serve process had expired under the provisions of Rule I of the Civil Rules of this court; that he had been unaware of the local rules, and, finally, that he had not desired to litigate the action until after the Supreme Court had decided Bay Ridge Co. v. Aaron, 334 U.S. 446, 68 S.Ct. 1186 (decided June 7, 1947), because the ruling in that case would be determinative of the questions involved in this suit.

The order signed on that application provided that plaintiffs' time to effect service was extended until July 15, 1948. Not having served all the defendants within that time, plaintiffs' attorney, on July 16, 1948 procured another ex parte order, by the terms of which plaintiffs' time to serve the summons and complaint was further extended to August 6, 1948.

Defendants move to vacate the ex parte orders procured by plaintiffs and to dismiss the action, on the ground that it abated by virtue of the provisions of Rule I of the Civil Rules of this court. This Rule reads:

"Action to abate if defendant not served.

"The summons and complaint must be served on each defendant within three months after the issuance of the summons. Unless a defendant has been served within said time, or has appeared generally in the cause, the action against him shall abate; provided, however, that a plaintiff whose time to effect service has not expired may from time to time, for good cause shown, procure an order extending his time to serve the summons and complaint for such further period as the court may direct." [1]

The Civil Rules of this Court were adopted pursuant to Rule 83 of the Rules of Civil Procedure for the District Courts of the United States, and became effective September 16, 1938. Rule 83 of the Federal Rules provides:

"Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

It is urged by the plaintiffs that local Civil Rule I is inconsistent with Rules 6(b) and 41(b) of the Federal Rules of Civil Procedure, and therefore invalid.

Rule 6(b) of the Federal Rules reads as follows, in so far as here material:

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * *."

Federal Rule 6(b) relates to enlargement of time to do an act, the time for the doing of which is fixed "by these rules or by a notice given thereunder or by order of court". The time for the service of a summons and complaint is not fixed by any federal rule or by any notice given thereunder. To that extent, therefore, Civil Rule I, which fixes a time for the service and a penalty for non-compliance, is not in conflict with Federal Rule 6(b). True, plaintiffs procured court orders purporting to enlarge their time for service, but since the action had abated by virtue of Civil Rule I before these orders were made, the orders were unauthorized and ineffective.

Moreover, the ex parte orders were not procured even as required by Federal Rule 6(b), which provides that when the application is made after the specified period has expired, it shall be procured "upon motion".

Subdivision (d) of Rule 6 of the Federal Rules provides that:

"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59 (c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."

---

[1] Local rules containing provisions substantially similar to those of Civil Rule I of this district exist in several other districts (Civil Rule 13, Northern District of West Virginia; Rule 13, Southern District of West Virginia; Rule 15, Western District of Washington; Civil Rule 2, Eastern District of Virginia; Civil Rule 1, Northern District of New York.)

Rule 7(b) of the Federal Rules provides:

"An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

Thus it is evident that even if Federal Rule 6(b) were applicable here, the orders procured by plaintiffs would be invalid because not made after hearing upon motion brought on by notice as required by Federal Rules 6(d) and 7(b).

■ Plaintiffs' objection to the granting of the present motion, based on Rule 41(b) of the Federal Rules, is without merit. The portion of this rule upon which plaintiffs rely reads:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

It is patent that a person unserved with a summons and complaint would hardly be in a position to present a motion to dismiss the action for failure to serve process; he would, presumably, not even know of the existence of the action or the issuance of process therein. That this rule was not intended to apply to a failure to serve the summons and complaint is indicated by its very position among the rules, i. e., by its presence in the subdivision of the rules dealing with "Trials". This view is corroborated by Russo v. Sofia Bros., Inc., et al., D.C., 2 F.R.D. 80, page 82, in which Judge Rifkind said:

"The place that this rule occupies in the numerical order of the rules, as part of Chapter VI, entitled Trials, rules 38-53, tends to characterize it primarily as controlling the action at or after the trial."

In no event could Civil Rule I be in conflict with Federal Rule 41(b), unless it were to be held that there can be no involuntary dismissal except by motion under Federal Rule 41(b). Besides invalidating Civil Rule I, such an interpretation would necessarily invalidate Rule 30 of the General Rules of this court and similar provisions in the local rules of various other district courts which authorize the court, on its own motion, to dismiss an action for lack of prosecution after it has been pending for a specified period of time and no proceedings have been taken therein.[2] Such a local rule has been held not to conflict with Rule 41(b) of the Federal Rules. Burns Mtg. Co., Inc. v. Stoudt, D.C., 2 F.R.D. 219.

Federal Rule 41(b) is not inconsistent with a rule such as Civil Rule I, which enables a plaintiff to keep his time to serve the summons and complaint open as long as he satisfies the court that his failure to make service thereof has not been due to any lack of diligence on his part, and which provides that in the event of his failure so to keep the time open, the action shall abate upon the expiration of ninety days from the date of the issuance of the summons and complaint.

Plaintiffs rely on Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, page 99, in which the court, referring to Civil Rule I, said in a footnote:

" * * * if its intent is to abate an action three months after its commencement, even though plaintiff has been diligent, its validity is to be questioned under Federal Rule 83, in view of the fact that the Advisory Committee considered a similar rule and rejected it."

Needless to say, if the statement in the footnote to the Hackner case, on which plaintiffs rely, had been an adjudication with reference to the validity of Civil Rule I, it would be my duty to, and I would, follow it through without question. How-

---

[2] Such rules exist, for example, in the Eastern District of Washington (Rule 23); Western District of Michigan (Rule 48); District of North Dakota (Rule 9); District of Wyoming (Rule 12); District of Connecticut (Rule 13); Eastern District of New York (General Rule 24); Western District of New York (Rule 11); District of New Jersey (Rule 11). cf. Civil Rule 1, Eastern District of New York.

ever, the statement referred to is, as I read it, not an adjudication, but merely the suggestion of a quaere, and even then, not necessary to the decision of the case. The cases referred to in that footnote dealt with the effect of the filing of the summons and complaint within the statutory period upon the tolling of the statute of limitations; none of them dealt with the power of the District Court to establish a rule governing the entirely unrelated subject of dismissal for lack of diligence in effecting service of the summons and complaint after they have been filed.

The orders procured by the plaintiffs are set aside and the suit is dismissed.

Settle order on notice.