WILLIAM M. PATTERSON, appellee, v. UNION PACIFIC RAILROAD, appellant.

No. 47932.

(Reported in 49 N.W.2d 820)

NOVEMBER 13, 1951.

Frank W. Davis, of Des Moines, for appellant.

Raymond Rosenberg and John P. McNerney, both of Des Moines, for appellee.

MULRONEY, J.—On April 1, 1949, plaintiff filed action No. 54955 in the district court of Polk County, Iowa, against the defendant, claiming damages arising from an accident on Septem-

ber 20, 1948, when plaintiff, then a brakeman for defendant-railroad, was injured in defendant's freight yard in Burns, Oregon. On April 29, 1949, defendant filed a motion to strike and motion for more specific statement. No further action was taken in the matter by plaintiff or defendant.

The Iowa Rules of Civil Procedure took effect July 4, 1943, but prior thereto, on June 25, 1943, certain Rules of Practice of the Ninth Judicial District were made "to conform to the [Iowa] Rules of Practice and Procedure." Rule (e) of the Ninth Judicial District rules provides as follows:

"The judge of the assignment division, whenever it is deemed advisable, upon ten days notice published in the Daily Record, giving the number of such case, may dismiss any case on the law calendar for want of attention which has been upon the docket for three consecutive terms and not tried or otherwise disposed of unless good cause be shown why such action should not be taken."

Another rule is rule (j) which provides that "all motions in the law * * * division of the court filed on or before Thursday of each week shall be peremptorily heard on the succeeding Saturday morning * * * unless for good cause shown * * * they are continued." And rule (k) provides that "motions on the law docket shall on Friday of each week be assigned by the judges of the assignment division to the various law divisions, including the assignment division."

On July 12, 1950, the following order was filed in the above case:

"In harmony with the provisions of the Rules of Practice of this Judicial District, and with notice heretofore published in the Des Moines Daily Record beginning June 26, 1950, and continuing for ten days thereafter,

"It Is Hereby Ordered that, at the cost of the respective plaintiffs, the following numbered Law cases are dismissed for want of attention, the same having been on the docket for three consecutive terms or more without having been tried or otherwise disposed of, to-wit:

* * * * * *

54955 Patterson v. U. P. Railroad,
Dated this 12th day of July, 1950.
Sg. RUSSELL JORDAN, Assignment Judge."

On January 23, 1951, plaintiff filed his petition in the present action against the same defendant, based on the same cause of action. Defendant's answer set up the dismissal of case No. 54955 and alleged the dismissal operated as an adjudication on the merits pursuant to the provisions of rule 217 of the Iowa Rules of Civil Procedure. After motion for separate adjudication of law points the trial court ruled the dismissal of cause No. 54955 "was without prejudice and was not an adjudication on the merits." We granted defendant the right to appeal from the trial court's ruling in advance of trial.

I. The plaintiff in his brief states he is not complaining of the action of the trial court in dismissing his first action. He specifically states "appellee does not dispute the trial court's right to dismiss a cause for lack of attention." The sole question in the case is whether or not the dismissal here operates as an adjudication on the merits. This question must be determined under the Iowa Rules of Civil Procedure.

Rule 215, Iowa Rules of Civil Procedure, deals with voluntary dismissals, with and without the consent of court and provides the first such dismissal shall be without prejudice unless otherwise stated. The rule is obviously not applicable here as this dismissal was not voluntary.

Rule 216, Iowa Rules of Civil Procedure, provides in part as follows: "A party may move for dismissal of any action or claim against him, if the party asserting it fails to comply with these rules or any order of court."

Rule 217, Iowa Rules of Civil Procedure, provides as follows: "All dismissals not governed by rule 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise."

It is this last rule which is the basis for defendant's argument that the dismissal order here involved operates as an adjudication on the merits. Defendant points out the dismissal was not governed by rule 215 as it was not voluntary. It was not for want of jurisdiction. It was not for improper venue. It did not specify

"otherwise." Therefore the effect of the dismissal, as the rule states, does "operate as an adjudication on the merits." We see no escape from this argument under the plain wording of the rule.

Plaintiff's argument is that it was not the intention of the advisory committee in drafting rule 217 that dismissals for want of prosecution should operate as an adjudication on the merits unless they specify otherwise; that this intention is revealed by the omission in the Iowa rule of language contained in Federal Rule 41(b), which language specifically makes the failure of plaintiff to prosecute grounds for dismissal. It is true that in many of our rules the language of federal rules governing similar procedure has been adopted. But the failure to adopt federal rule language is not indicative of drafter's intent—even if it be thought such intent important. There is no ambiguity in rule 217. In plain language it states what is to be the effect of dismissals which are not voluntary (under rule 215) or for want of jurisdiction or improper venue. Unless they specify otherwise they operate as adjudications on the merit. The order of dismissal in this case did not specify otherwise.

The author's comment following rule 217 in Cook's Revised Edition of Iowa Rules of Civil Procedure expresses the author's uncertainty as to whether this rule intends to make dismissals made thereunder prima facie or conclusively res judicata. But the comment states: "The language of the rule, alone, indicates the latter." We find nothing that indicates any intention that a dismissal which does not "specify otherwise" is merely prima facie evidence of an adjudication on the merits. The rule plainly states such a dismissal shall operate as an adjudication. To hold otherwise would be to change the rule. The ruling of the trial court appealed from is reversed. The cause is remanded with instructions to dismiss plaintiff's action.—Reversed and remanded.

All JUSTICES concur.