**263 P.2d 305**

ANGUIANO

v.

**TRANSCONTINENTAL BUS SYSTEM,**
Inc. et al.

No. 5802.

Supreme Court of Arizona.

Nov. 9, 1953.

James H. Garcia, and O'Reilly & Huffsteter, Phoenix, for appellant.

Kramer, Roche & Perry, Phoenix, for appellees.

LEVI S. UDALL, Justice.

Frank Anguiano, on March 26, 1952, commenced civil action No. 71601 in the Superior Court of Maricopa County, claiming damages for injuries allegedly sustained in a motor vehicle accident. Defendants' motion for security for costs was granted without opposition. Plaintiff wholly ignored the order and failed to comply therewith. Defendants moved under Rule 41(b), Rules of Civil Procedure, Sec. 21–916, A.C.A. 1939, to dismiss for failure to comply with the order of the court. This motion was unopposed, and the court granted it, thus dismissing the action. This order of dismissal did not state that the same was without prejudice. Plaintiff has never attempted to vacate or set aside this order, nor has he made any attempt to give security for costs.

Instead, on November 1, 1952, he commenced the present action No. 73899, in the same court, his claim for relief being identical with that in the first action. Defendants answered, alleged the prior action had been dismissed, then moved for summary

judgment, contending that such prior involuntary dismissal was an adjudication on the merits, under Rule 41(b). The motion was granted and formal judgment entered, so that this appeal could properly be taken. See, Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732.

The parties agree that this appeal presents but one question, viz.:

"Where the court dismisses an action for failure of the plaintiff to give security for costs, as ordered by the court, and the order of dismissal does not recite that it is 'without prejudice', is such dismissal an adjudication upon the merits as defined by Section 21–916 of the Code?"

Rule 41 (b) provides:

"Involuntary dismissal—Effect thereof.—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Plaintiff contends this rule does not apply to all involuntary dismissals, but only to dismissals relating to the trial of the cause or the merits thereof, and that dismissals entered during the preliminary stages of the proceedings, though involuntary, are not on the merits. He argues that the whole pleading reform seen in recent years was meant to do away with harsh and unjust technical rules of pleading and procedure, and requires a decision of all causes upon their merits, and further argues that if Rule 41(b) applies to all involuntary dismissals, cases will be tried upon technicalities rather than the merits.

Defendants contend that Rule 41(b) is unambiguous and the court should take the words thereof at face value and give to them a literal interpretation, and they argue that the mere fact this rule is found in the chapter on trials in the Rules of Civil Procedure does not limit its application to orders made at or after trial on the merits, Cf. Morenci Southern R. Co. v. Monsour, 24 Ariz. 49, 206 P. 589.

In our effort to determine whether the rule applies in this present situation, we have examined most of the reported cases in point from this and other jurisdictions. In four instances this court has been faced with an appeal from a judgment entered after the lower court granted a motion to

dismiss, and has applied or interpreted Rule 41(b), see Craft v. Cannon, 58 Ariz. 457, 121 P.2d 421; Gillespie Land & Irrigation Co. v. Buckeye Irr. Co., 69 Ariz. 367, 213 P.2d 902; Chadwick v. Larsen, 75 Ariz. 207, 254 P.2d 1020; and Stuart v. Castro, Ariz., 261 P.2d 371.

We have found three cases which support plaintiff's theory. In Russo v. Sofia Bros., Inc., D.C., 44 F.Supp. 779, Id., D.C., 2 F.R.D. 80—a district court case—plaintiff filed a civil action upon a deceit theory. Defendant's motion to dismiss the complaint for failure to state a claim was granted, and the order granting the motion was silent about the right to plead over or amend the complaint. Judgment of dismissal was entered which said nothing of the right to amend. Plaintiff then moved the court for leave to file an amended complaint which corrected the defects in the former pleading and stated a claim. The court discussed the application of Rule 41(b) to this fact situation, emphasized the fact that Rule 41 appears in Chap. 6, Fed.Rules Civ.Proc., 28 U.S.C.A., entitled "Trials", said that the rule did not apply because it was primarily one directed to dismissals at or after trial, and granted leave to file the amended complaint.

Then, in Adams v. Jarka Corporation, D.C., 8 F.R.D. 571, and in Compania Maritima Transoceanica, S. A. v. Stevenson, D. C., 11 F.R.D. 210,—two more district court cases—the courts approved what was said in the Russo case.

On the other hand there are many cases supporting defendants' theory. Mas v. Coca Cola Co., 4 Cir., 198 F.2d 380, will serve as illustration. Plaintiff had instituted an earlier suit to have himself adjudged entitled to the design patent for Coca Cola bottles. The cause came on for trial, and after the opening statement of counsel, the court inquired fully into the clean hands of plaintiff, and found that in proceedings before the patent office plaintiff had used a false deposition and uttered forged documents with regard to this same patent. The suit was thereupon dismissed (affirmed on appeal, 4 Cir., 163 F.2d 505). Thereafter, plaintiff brought this second action to recover damages for the fraudulent appropriation of his bottle design. Defendant pleaded res judicata, and its motion to dismiss the complaint was granted. Upon appeal it was held the prior dismissal operated as an adjudication upon the merits, because the trial court in its order of dismissal did not provide otherwise.

For other cases where a prior action was dismissed before trial, on matters not affecting the merits, and the court in a second action held the prior dismissal operated as an adjudication on the merits, see: Sardo v. McGrath, 90 U.S.App.D.C. 195, 196 F.2d 20; Slack v. Rich, 87 U.S.App. D.C. 123, 182 F.2d 706; American National Bank & Trust Co. of Chicago v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571; Barger v. Baltimore & Ohio R. Co., 75 U.S.

App.D.C. 367, 130 F.2d 401; Olsen v. Muskegon Piston Ring Co., 6 Cir., 117 F.2d 163; Curacao Trading Co., Inc., v. Wm. Stake & Co., D.C., 61 F.Supp. 181, see also a prior proceeding reported in Curacao Trading Co. v. Federal Ins. Co., D.C., 3 F.R.D. 203; Larsen v. O'Reilly, D.C., 11 F.R.D. 604; Reading v. Atchison, T. & S. F. Ry. Co., D.C., 7 F.R.D. 664; Patterson v. Union Pac. R. R., 242 Iowa 1273, 49 N.W.2d 820; and Raimonde v. Purcell, D.C.Mun.App., 95 A.2d 590. Cf.: Adcox v. Southern Ry. Co., 182 Tenn. 6, 184 S.W.2d 37, 156 A.L.R. 1091; and Williamson v. Columbia Gas & Electric Corp., 3 Cir., 186 F.2d 464, certiorari denied, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355.

For comparison of the federal Admiralty rules with the F.R.C.P., with a short discussion of the common law nonsuit, see Miller v. Standard Oil Co., D.C., 104 F. Supp. 946.

For several federal cases where a complaint was involuntarily dismissed before trial, on a matter not affecting the merits of the cause, and upon plaintiff's appeal the higher court reviewed the exercise of discretion in making the dismissal under 41 (b), see: Producers Releasing Corporation de Cuba v. P.R.C. Pictures, Inc., 2 Cir., 176 F.2d 93, and connected case Producers Releasing Corp. De Cuba v. Pathe Industries, D.C., 10 F.R.D. 29, later in 2 Cir., 184 F.2d 1021; Peardon v. Chapman, 3 Cir., 169 F.2d 909; Carpenter v. Carpenter, 81 U.S. App.D.C. 214, 156 F.2d 857; Topping v. Fry, 7 Cir., 147 F.2d 715; Brown v. Quinlan, Inc., 7 Cir., 138 F.2d 228; Dudley v. Community Public Service Co., 5 Cir., 108 F.2d 119. Cf.: Craft v. Cannon, supra.

For two federal District Court cases of dismissals before trial on matters not affecting the merits, where the courts applied 41(b), see Botkins v. Sorter, D.C., 29 F.Supp. 991 and Wisdom v. Texas Co., D.C., 27 F.Supp. 992.

These latter cases have certain features in common: They apply Rule 41(b) to all involuntary dismissals, and recognize that such dismissals, by force of that rule, operate as adjudications upon the merits. If an appeal is perfected, the appellate court will determine if the lower court's discretion was abused in entering such a dismissal. Rule 41(b) is applied to involuntary dismissals without regard to the reasons or causes resulting in such dismissals, and the rule is applied to dismissals at all the preliminary stages of the case. In short, the cases take the rule at face value and give to it a literal interpretation uncomplicated by the fact that it appears in the chapter on trials.

We have concluded that the court in the Russo case (relied upon by plaintiff), reached a just solution on the facts there presented by giving effect to the liberal amendment provisions of the F.R.C.P. But in so doing the court said that Rule 41(b) in nowise applied to dismissals before trial, and we believe this was error. We see no inconsistency in saying that the rule applies

to orders of dismissal entered before trial, but that upon proper application such orders may be vacated by exercise of the court's discretion, and leave granted to proceed with the action. We believe the Russo case might better have been decided on these grounds.

Our analysis of Rule 41 has led us to the same conclusions as the majority of the cases cited. The law provides various avenues by which a complaint may be dismissed. Plaintiff says the Rules have provided for the effect to be given some of these dismissals, but not others: some are saved, and some are damned, while others hang in limbo. He asks us to rule there may be a discretionary and indeterminate number of involuntary dismissals. Such a ruling is incongruous with Rule 41(a) and (d), A.C.A. 1939, §§ 21–915, 21–918, giving an involuntary dismissal distinct advantages over a voluntary dismissal.

While dismissals may be entered at varying times and for varying reasons, still all dismissals may be dichotomized as voluntary or involuntary. The Rules have adopted this latter classification, and if we were to depart from this and begin classifying dismissals according to the time and reasons for which they were granted, we should conjure up a hydra-headed monster in the field of procedure. Rule 41(b) used plain, clear, simple, unequivocal language, and says an involuntary dismissal other than for lack of jurisdiction or for improper venue operates as an adjudication upon the merits unless the court ·otherwise directs.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA. PRADE and WINDES, JJ., concur.