**4**

601 P.2d 608

Jonathan and Judy PHILLIPS, husband and wife, Appellants,

v.

ARIZONA BOARD OF REGENTS, Appellee.

No. 1 CA–CIV 3445.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 16, 1978.

Rehearing Denied Dec. 20, 1978.

Review Granted Jan. 16, 1979.

Robert L. Miller and Daniel L. Jackson, Tuba City, for appellants,

Favour & Quail by Keith F. Quail, Prescott, James B. Feeley, Ronald N. Rovey, for appellee.

OPINION

EUBANK, Judge.

This appeal involves the *res judicata* effect of the involuntary dismissal of appellants' complaint, pursuant to Rule 41(b), Rules of Civil Procedure, 16 A.R.S., *infra*, when no appeal was taken from the order of dismissal, and where, subsequent to the dismissal, a new complaint was filed involving the same event or occurrence and the same appellee.

In July 1975 appellants filed a complaint in Cause No. C–29366 against the appellee Board of Regents, alleging that appellant Judy Phillips sustained an ankle injury as a result of the Board's negligence in controlling the activity of a dog on the Northern Arizona University Campus. The action was filed pursuant to A.R.S. §§ 12–821 through 826, which set forth the procedure for bringing actions against the state or its agencies in tort or contract claims. Appellants complied with A.R.S. § 12–821 by filing a claim, which was subsequently rejected by the appellee. However, they did not comply with A.R.S. § 12–823, which requires that a surety bond in the sum of five hundred dollars be filed "at the time of the filing [of] the complaint." Appellee moved to dismiss the complaint on the basis that no bond was filed, and, following the filing of memoranda, the trial court granted the motion on September 9, 1975, stating: "(i) The Motion to Proceed Without Cost Bond

was not timely filed and is not sufficient to support the relief requested therein; (ii) Arizona Revised Statutes § 12–823 has not been complied with." Appellants neither requested relief from the order nor appealed from it.

On December 10, 1975, appellants filed a second complaint, in Cause No. C–29769, which was substantially the same as the first one, except that it joined Geoffrey C. Shaw, the dog owner, as a party. This complaint met all of the requirements of A.R.S. §§ 12–821 through 826, including filing the bond. Appellee moved to dismiss on the basis that the prior dismissal in Cause No. 29366 was a dismissal based on the merits, pursuant to Rule 41(b), *infra*, and that therefore the second complaint was barred by the doctrine of *res judicata*. This motion was supported by the pleadings, a memorandum, the court file in Cause No. 29366 and a request that it be judicially noticed by the court, and five specific pleadings from No. 29366, including the complaint, motion to dismiss and the order of dismissal.

In their response in opposition to the motion, appellants contended that the doctrine of *res judicata* did not apply because the dismissal of Cause No. 29366 was not an adjudication on the merits, and because the order of dismissal had "otherwise specified." *See* Rule 41(b), *infra*. In addition, they contended that the dismissal was for lack of jurisdiction and therefore specifically exempted from the doctrine by Rule 41(b), *infra*. Appellants supported their memorandum with the September 9, 1975 minute entry in Cause No. 29366, which contained the same language as the written order of dismissal set out above.

After a hearing with oral argument on February 2, 1976, the trial court, treating the matter as one for summary judgment pursuant to Rule 12(b), ruled as follows:

This matter coming on to be heard on the motion of defendant, Arizona Board of Regents for an order dismissing plaintiff's complaint, due notice of hearing having been given to the parties and the court having further considered the arguments and legal memoranda of counsel together with the entire file in Cause No. 29366 of this Court, the Court finds as follows:

(1) On August 4, 1975 the defendant Arizona Board of Regents was served with a summons and complaint in Cause No. 29366 of this Court.

(2) That said defendant thereafter moved to dismiss plaintiffs' complaint for the failure of plaintiffs to post a cost bond as prescribed by Section 12–823, Arizona Revised Statutes.

(3) That on September 9, 1975 the Honorable Joyce Mangum entered an order dismissing plaintiffs' complaint in Cause No. 29366.

(4) That the Court did not specify that said complaint was to be dismissed "without prejudice", but only stated the reason for dismissal as having been the failure of plaintiffs to file a timely cost bond.

(5) That the Court's judgment dismissing plaintiffs' complaint in Cause No. 29366 was therefore an adjudication on the merits in said cause of action pursuant to Rule 41(b), Rules of Civil Procedure.

(6) That plaintiffs did not seek to alter or amend said Order of Dismissal either by requesting that the Court dismiss said action "without prejudice" or in any other respect.

(7) That plaintiffs did not appeal the Order dismissing Cause No. 29366.

(8) That defendant Arizona Board of Regents is entitled to a dismissal of plaintiffs' complaint in the within action for the reason that the prior adjudication of Cause No. 29366 was based on the same incident and factual situation as is presently in the complaint filed herein.

The court then ordered the complaint and cause of action against the appellee dismissed. This appeal resulted.

Appellants contend that the trial court erred, as a matter of law, in its application of Rule 41(b), *infra*, to the dismissal order in No. 29366. They argue that such a dismissal for the failure to post a bond is not an adjudication "upon the merits" and

hence not a bar to refiling the same cause of action.

Rule 41(b), Rules of Civil Procedure, 16 A.R.S., reads as follows:

> 41(b) Involuntary dismissal: effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. (Emphasis added).

It is on the basis of the last sentence of Rule 41(b), underlined for emphasis, that the trial court found that Cause No. 29366 was adjudicated on the merits.

Appellants raise a number of issues on appeal; however, the main one is whether the trial court, in Cause No. 29366, specified that the dismissal was "otherwise" than upon the merits.

We have faced this issue before in *Travelers Indemnity Co. v. Hudson*, 15 Ariz.App. 371, 488 P.2d 1008 (1971). There Judge Jacobson, writing for this Court, stated:

> In this regard, Travelers relies upon *Anguiano v. Transcontinental Bus System*, 76 Ariz. 246, 263 P.2d 305 (1954), holding that Rule 41(b) uses "plain, clear, simple, unequivocal language, and says an involuntary dismissal other than for lack of jurisdiction or for improper venue operates as an adjudication upon the merits *unless the court otherwise directs.*" (Emphasis supplied). 76 Ariz. at 250, 263 P.2d at 308. This decision was reaffirmed in *Fovargue v. Singer*, 77 Ariz. 305, 270 P.2d 1090 (1954). However, in the case at bar the court's order of dismissal *did otherwise* specify that the dismissal was to be other than on the merits by explicitly reciting therein as the ground for the dismissal that plaintiffs' "Tender of Issue combined a claim in tort against the garnishee defendant." Rule 41(b) does not require that the trial court use prescribed words, such as "without prejudice", to denote that the order of dismissal is without prejudice, the rule merely requiring "the court in its order for dismissal otherwise specif[y]" that the dismissal was not an adjudication upon the merits. This the Superior Court did, by giving as the ground therefor the improper joinder of claims. This ruling is obviously not an adjudication upon the merits. We therefore hold that the dismissal of the prior garnishment suit did not operate as an adjudication on the merits, and that plaintiffs were not barred by that dismissal from bringing this action.

*Id.* at 374–75, 488 P.2d at 1011–12. (Emphasis in original).

We are forced to the same conclusion in this case. Here the trial court specified that its reason for dismissing Cause No. 29366 was that the bond required by A.R.S. § 12–823 had not been filed. This is certainly not a dismissal based on the merits of the case, but a dismissal based on appellants' failure to comply with a condition precedent to the prosecution of a tort action against the appellee. This is abatement matter not merit matter.

It is our opinion that the trial court erred in finding that the court in Cause No. 29366 did not specify "otherwise" in its dismissal order and that there had been an adjudication on the merits.

The order of dismissal in this matter is reversed and vacated, the appellants' second

complaint is reinstated, and this matter is remanded to the trial court for further proceedings.

JACOBSON, P. J., concurs.

HAIRE, Judge, dissenting:

I would affirm the judgment entered by the trial court.

In arriving at its conclusion that the trial court erred in entering judgment dismissing appellants' complaint, the majority relies entirely on this Court's opinion in *Travelers Indemnity Co. v. Hudson*, 15 Ariz.App. 371, 488 P.2d 1008 (1971). Although I concurred in that opinion, I am now convinced that we incorrectly interpreted Rule 41(b) in *Travelers*. In addition, *Travelers* appears to me to be directly contrary to the Arizona Supreme Court's prior opinion in *Anguiano v. Transcontinental Bus System*, 76 Ariz. 246, 263 P.2d 305 (1953).[1] *See also, Fovargue v. Singer*, 77 Ariz. 305, 270 P.2d 1090 (1954); *Flynn v. Johnson*, 3 Ariz.App. 369, 414 P.2d 757 (1966); *Klinger v. Conelly*, 2 Ariz.App. 169, 407 P.2d 108 (1965).

To me the intent of Rule 41(b), is clearly expressed in plain and unambiguous language. In contrast to the provisions of Rule 41(a), which provide that in a dismissal which is voluntary, the dismissal is *without* prejudice unless otherwise stated, Rule 41(b) provides in essence that dismissals which are involuntary are to be *with* prejudice unless otherwise specified.

The pertinent provision of Rule 41(b) is as follows:

"*Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision* and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*" (Emphasis added).

There can be no question but that the above-quoted provision envisions that pursuant to Rule 41(b) many dismissals which would not otherwise have a *res judicata* effect are to be given that effect when the Court's order does not "otherwise specify". In analyzing the quoted provision, the key question becomes, what must the trial court "otherwise specify"? In *Travelers*, without particular attention to the specific language of the rule, we indicated that a statement of the reason for the dismissal in the order constituted a showing that the ruling was not in fact an adjudication on the merits, and from this we concluded that the trial court had "otherwise specified" in accordance with the provisions of Rule 41(b). This reasoning ignores the very precise language used in Rule 41(b). As stated by the Arizona Supreme Court in *Anguiano, supra*, Rule 41(b) is applied to involuntary dismissals without regard to the reasons or causes of such dismissals. Under the language of the rule, in order to avoid a *res judicata* effect the judge is required to "otherwise specify" in every involuntary dismissal that the dismissal is not to *"operat[e] as* an adjudication on the merits". (Emphasis added). The only exceptions contained in the rule are those relating to dismissals based upon lack of jurisdiction, improper venue and failure to join a party under Rule 19. Rule 41(b) requires that the trial judge make a determination that, notwithstanding the provisions of Rule 41(b), the particular dismissal involved is not to operate as an adjudication on the merits, and this determination must be specified in the order of dismissal. The requirement as to specificity goes to how the order of dismissal is to operate, and not to what constitutes the reasons for dismissal. In my opinion the happenstance that the trial judge states the reason for the dismissal in his order is immaterial and cannot logically be considered as indicating that he has made a determination as to how that particular dismissal is to operate. It is this latter determination that is required by the provisions of Rule 41(b).

Admittedly, the failure of a trial judge to specify in a Rule 41(b) involuntary dismissal

1. Inasmuch as no petition for review was filed regarding the disposition made by this Court in *Travelers, supra*, the Arizona Supreme Court has not had an opportunity to resolve what I consider to be a direct conflict between its prior decision in *Anguiano*, and this Court's decision in *Travelers*.

that the dismissal is not to operate as an adjudication on the merits can have harsh results. However, when such an order is entered, the plaintiff is not without a remedy. Initially, he can make a timely request that the trial judge amend the order of dismissal so as to expressly specify that the dismissal is not to operate as an adjudication on the merits. If the trial judge in the exercise of his discretion refuses to so specify, all is not lost. The remedy of appeal if timely exercised is always available to plaintiff to determine whether the trial judge has abused his discretion in that regard.

Here, the appellants did not attempt to take advantage of either of these remedies. Rather, they have allowed the trial court's prior order of dismissal to become final, and that finality now includes the consequences imposed by reason of Rule 41(b). The trial judge having failed to otherwise specify, the prior involuntary dismissal *operated as* an adjudication on the merits, and appellants' subsequent complaint filed in this action was barred by the application of *res judicata* principles.

For the reasons stated above, I would therefore affirm the trial court's judgment dismissing appellants' complaint.