ARTHUR HARVEY WHISNANT v. NATIONWIDE MUTUAL INSURANCE COMPANY.
AND
MYRTICE WHISNANT v. NATIONWIDE MUTUAL INSURANCE COMPANY.

(Filed 7 April, 1965.)

Insurance § 54—

The policy in suit covered insured and members of his family while riding in a vehicle owned or operated by insured, but excluded coverage if insured was operating a non-owned vehicle furnished for the regular use of insured. *Held:* The exclusion does not apply to injuries occasioned in

the emergency use of a vehicle by insured on a purely personal mission while on vacation, even though such vehicle was furnished by insured's employer on a regular basis solely for the performance of the duties of the employment, such occasion being an isolated and casual use of the vehicle by the insured for a personal mission.

APPEAL by defendant from *Patton, J.,* October Regular Session 1964 of BURKE.

These actions were consolidated for trial by consent of the parties, brought by the respective plaintiffs to recover benefits allegedly due them under the terms of the Medical Payments provision of a policy of insurance issued by the defendant.

On 19 July 1961, the defendant issued to the male plaintiff, Arthur Harvey Whisnant, a policy of family automobile and comprehensive liability insurance on the male plaintiff's 1952 Chevrolet automobile. As a part of said policy, the defendant insured the plaintiff and members of his family, including his wife, the *feme* plaintiff, under Coverage G. Medical Payments, up to $500.00 per person per accident. By the terms of said policy, however, coverage under Coverage G did not apply to bodily injury sustained by the named insured or a relative while occupying an automobile furnished for the regular use of the named insured. This policy of insurance was in full force and effect on 31 August 1961, the date of the accident hereinafter referred to.

At the time of the accident, the male plaintiff, an employee of Clark Tire & Auto Supply Co., Inc., was operating a 1959 Ford truck owned by his employer. The truck was furnished to the male plaintiff by his employer on a regular basis, for his use in performing his duties as an outside collector. The male plaintiff used the truck to go to and from his home to his employer's place of business daily in addition to using it in his employer's business.

On the day of the accident, the male plaintiff was on vacation. His personal automobile, the Chevrolet, was not available when he received a message that his daughter was ill, so he took the truck. Except on this one occasion, the truck was never used by the male plaintiff or any member of his family for personal purposes.

The plaintiffs, husband and wife, were injured in a motor vehicle accident which occurred on 31 August 1961 in Burke County, North Carolina. As a result of said accident, the male plaintiff incurred hospital and doctor bills in excess of $500.00 and the *feme* plaintiff incurred similar expenses amounting to $265.93.

The parties waived trial by jury and requested the court to hear the evidence, find the facts, and make conclusions of law thereon. After hearing the evidence, the court below found the following facts:

"That on August 31, 1961, at approximately 10:00 P.M., the plaintiff (Arthur Harvey Whisnant) was the driver of a pickup, and that said truck became involved in a collision with an unlighted truck on U.S. 64-70 which collision resulted in injuries to the plaintiff which required medical treatment, the cost of which amounted in excess of $500.00; that at the time of the collision the plaintiff, Arthur Harvey Whisnant, was insured by Nationwide Mutual Insurance Company by Policy No. 61-5-727 and that said policy insured Arthur Harvey Whisnant and members of his family under Coverage G., Medical Payments up to $500.00 per person; that the policy also insures the Insured or Relative member of his household while occupying a non-owned automobile if the bodily injury results from its operating by the Named Insured; that on the occasion complained of, the Named Insured, Arthur Harvey Whisnant, was operating a non-owned vehicle, a truck owned by his Employer, Clark Tire and Auto Supply Company; that he was not at the time of the accident in the employment of Clark Tire and Auto Supply Company, but was on vacation at that time, and that the use of the truck was for a personal mission; that the court finds as a fact that this was the only time that said truck had ever been used by the Insured on a personal mission and that such use was a casual infrequent use of said truck; that the use of the truck on the occasion in question does not come within the meaning of 'an automobile furnished for the regular use of either the Named Insured or any relative' and such use on this isolated occasion does not exclude coverage under Exclusions 1(b) of the policy."

Based on the foregoing findings of fact, the court below concluded as a matter of law that the use of the truck by the insured, Arthur Harvey Whisnant, was an isolated use of the truck which belonged to his employer, Clark Tire & Auto Supply Co., Inc., and that such use does not exclude coverage for medical payments under the provision of the policy of insurance; that the Clark Tire & Auto Supply Co., Inc. truck was not furnished for the regular use of Arthur Harvey Whisnant other than while in the course of his employment and that he was not using said truck in the course of his employment on the occasion in question. Thereupon, the court entered a judgment in favor of the male plaintiff in the sum of $500.00 and one in favor of the *feme* plaintiff in the sum of $265.93.

Defendant appeals, assigning error.

*W. Harold Mitchell for plaintiff appellees.*
*Patton, Ervin & Starnes for defendant appellant.*

DENNY, C.J. The question posed for decision on this appeal is simply this: Is a single, personal use of an employer's motor vehicle by an employee, which results in an accident, sufficient cause to exclude the benefits in a Medical Payments provision in an automobile liability insurance policy which excludes a nonowned automobile "furnished for regular use"?

The policy of insurance issued by the defendant included Medical Payments provision which covered the male plaintiff and his relatives, and required the defendant to pay to each such person a maximum of $500.00 in the event of bodily injury "while occupying or through being struck by an automobile * * *."

The additional provision in the policy pertinent to this appeal is as follows:

"EXCLUSIONS 1. This policy does not apply under Coverage G (Medical Payments) to bodily injury: * * * (b) sustained by the Named Insured or a relative (1) while occupying an automobile owned by or *furnished for the regular use of either the Named Insured* or any relative other than an automobile defined herein as an 'owned automobile.'" (Emphasis added.)

The general rule with respect to coverage in a policy of insurance relating to the use of a nonowned automobile, is discussed in a comprehensive opinion in the case of *Whaley v. Insurance Co.*, 259 N.C. 545, 131 S.E. 2d 491, in which Bobbitt, J., speaking for the Court, said:

"In our view, coverage depends upon the *availability* of the Ford *for use* by Whaley and the *frequency of its use* by Whaley. *Rodenkirk v. State Farm Mut. Automobile Ins. Co.* (Ill.), 60 N.E. 2d 269; *Vern v. Merchants Mut. Casualty Co.*, 118 N.Y.S. 2d 672. It was 'furnished' to Whaley by Firestone in the sense it was placed and continued under Whaley's authority and control. It was available for use by Whaley over an extended period and was used by him 'on numerous occasions.' The stipulated facts dispel any suggestion that Whaley's use of the Ford 'for his own personal business and pleasure,' was casual, occasional or infrequent. The stipulated facts establish that Whaley regularly used the Ford 'for his own personal business and pleasure' as well as 'in the conduct of the company's business.' It is our opinion, and we so decide, that Firestone's Ford was 'furnished for regular use to' Whaley within the meaning of the policy."

It was clearly pointed out in the *Whaley* case, and in the cases cited therein, that the result in that case would have been different if Whaley's

use of the Firestone automobile for personal business and pleasure had been a casual, infrequent use of said automobile.

The motor vehicle involved in the instant cases, while furnished for the regular use of the male plaintiff, was to be used only in the course of his employment, and was never used otherwise except in this single instance. Therefore, we concur with the finding of the court below to the effect "that the use of the truck was for a personal mission; * * * that this was the only time that said truck had ever been used by the Insured on a personal mission and that such use was a casual infrequent use of said truck; that the use of the truck on the occasion in question does not come within the meaning of 'an automobile furnished for the regular use of either the Named Insured or any relative' and such use on this isolated occasion does not exclude coverage under Exclusions 1(b) of the policy."

In the case of *Pacific Automobile Ins. Co. v. Lewis,* 56 Cal. App. 2d 597, 132 P. 2d 846, cited and quoted with approval in *Whaley v. Insurance Co., supra,* it is said: "It cannot be said, as a matter of law, that such a use on *a particular occasion,* which is a departure from the customary use for which the car is furnished, is a regular use within the meaning of these clauses of the policies. .* * *"

In the case of *Schoenknecht v. Prairie State Farmers Ins. Ass'n.,* 27 Ill. App. 2d 83, 169 N.E. 2d 148, likewise cited and quoted with approval in the *Whaley* case, the policy of insurance involved specifically insured the plaintiff's Buick. The accident occurred 2 May 1957, about 11:00 p.m., when plaintiff was driving his employer's Chevrolet. The employer furnished plaintiff the Chevrolet for use in the performance of the duties of his employment. When the accident occurred, plaintiff, in violation of his duty to return the Chevrolet to his employer's shop at the conclusion of the day's work, was using the Chevrolet for personal purposes. It was held the plaintiff's liability was covered by the "use of Other Automobiles" clause in his policy.

The identical question now before us was involved in the *Schoenknecht* case, in which the Court said: "Plaintiff was furnished this car for his sole use in connection with the business of his employer during his working hours. He had never used the car to take him anywhere except upon the business of his employer and during his working hours. The only time he had ever used it was during his working hours and in furtherance of his employer's interest except on the occasion in question. The use of this car at this time was under the authorities, an isolated, casual, unauthorized use of an automobile other than his own and comes within the insuring agreements of this policy designated 'use of other automobiles.' " See *Miller v. Farmers Mutual Automobile Ins. Co.,* 179 Kan. 50, 292 P. 2d 711.

The judgment of the court below is
Affirmed.