NATIONWIDE MUTUAL INSURANCE COMPANY v. PAULINE POOLE BULLOCK, BYARD BELL, JOHN L. WHITLEY, ADMINISTRATOR OF JEANNE ALISON BELL, DECEASED, AND DOROTHY MERCER

No. 737SC613

(Filed 3 April 1974)

Insurance § 85— automobile insurance — nonowned vehicle — regular use

Defendant was not covered by a policy issued her husband by plaintiff insurance company when she was involved in an accident while driving a vehicle belonging to her aunt, since the vehicle had been placed in the exclusive possession of defendant, she had used it for over three months, and she used the car daily for transportation to and from her place of employment and for other personal trips.

APPEAL by defendants Whitley and Mercer from *James, Judge,* 9 April 1973 Session of Superior Court held in WILSON County.

Plaintiff is insurer in an automobile liability policy issued to Wade Bullock, husband of defendant Pauline Poole Bullock.

Allegedly, Pauline was the driver of an automobile owned by Bertha Poole Bartlett when an accident occurred resulting in the death of defendant Whitley's intestate and injury to defendant Mercer. Plaintiff filed this action seeking judgment declaring the rights of the parties with respect to the policy of insurance issued to Wade Bullock.

. Plaintiff's motion for summary judgment was allowed. Judgment was entered declaring that as to the accident in question Pauline Bullock was not entitled to coverage under the policy issued to her husband and that plaintiff has no liability to defendants Whitley and Mercer.

*Battle, Winslow, Scott & Wiley, P.A. by J. B. Scott; Robert R. Gardner, Regional Claims Attorney, attorneys for plaintiff appellee.*

*Narron, Holdford, Babb & Harrison by William H. Holdford and Henry C. Babb, Jr.; Farris, Thomas & Farris by Allen G. Thomas, attorneys for defendant appellants.*

VAUGHN, Judge.

On plaintiff's motion for summary judgment the court considered the pleadings, stipulations and depositions of Pauline Bullock and Bertha Pool Bartlett, the operator and owner respectively of the vehicle involved in the accident.

Under the terms of the policy issued to Pauline Bullock's husband, Pauline's liability for the accident in question was not insured if the vehicle owned by Bertha Poole Bartlett was furnished for her regular use. Plaintiff's motion for summary judgment should not have been granted if there existed a genuine question of fact material to this issue.

The documents before the trial judge can be fairly said to establish the following as uncontroverted facts. Pauline Bullock lives with her husband, Wade, who purchased the policy in question and owns a motor vehicle. Bertha Poole Bartlett is Pauline's aunt. She is physically unable to operate a motor vehicle. One of her legs has been removed, her physical condition is poor, and it is necessary for her to have someone take her for the medical treatments she receives at various facilities. About June 1971, she bought the car which was involved in the accident. Two or three weeks after Bartlett bought the vehicle, it was delivered to Pauline who kept it at her residence from that

time until the accident occurred on 16 October 1971. Bartlett turned the car over to Pauline so that she would have someone to take her to receive medical treatment and go on other errands for her. Pauline regularly drove the car to and from her place of employment. She also used the car on other trips which were for her own personal benefit. On most of these occasions she asked for and received permission from Bartlett. On the day of the accident she had driven the car to work. After work she had driven the car to two separate places to gather vegetables. Defendant Mercer was with her. After gathering the vegetables, the pair drove to a grill to get something to eat. The accident occurred after they left the grill. Pauline drove the car to work so that if Bartlett needed help she could go directly to her assistance and kept the car at her home for the same reason. She had responded to such calls from her place of employment and from her home. She also used the car for other personal errands for Bartlett. Pauline paid for all gasoline and oil.

Appellant contends that a material question exists as to whether the car was placed with Pauline for her regular use or was placed with her for the sole purpose of enabling her to be of assistance to Bartlett. Under the facts of this case, it is our opinion that Bartlett's reason or motive for placing the car with Pauline has little bearing on the risk assumed by plaintiff-insurer when it issued the policy to Pauline's husband, Wade Bullock. "The clear import of the provision excluding coverage of another's automobile which is furnished the insured for his 'regular use' is to provide coverage to the insured while engaged in only an infrequent or merely casual use of another's automobile for some quickly achieved purpose but to withhold it where the insured uses the vehicle on a more permanent and reoccurring basis." *Devine v. Casualty & Surety Co.,* 19 N.C. App. 198, 198 S.E. 2d 471, *cert. den.* 284 N.C. 253, 200 S.E. 2d 653. Coverage depends upon the availability of the car for use by Pauline and the frequency of its use by her. *Whisnant v. Insurance Co.,* 264 N.C. 195, 141 S.E. 2d 268.

It is undisputed that the unowned car was placed in the exclusive possession of Pauline and was available for her use for over three months. The frequency of her use of the car is also undisputed. Pauline used the car daily for transportation to and from her place of employment and for other personal trips. That this use was with the permission of the owner and was for

the principal purpose of making it easy for Pauline to be of assistance to the owner affects neither the availability nor frequency of the use of this unowned vehicle.

Affirmed.

Judges MORRIS and HEDRICK concur.