LEILA ANN GADDY, BY HER GUARDIAN AD LITEM, LINDA GADDY SOX
v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

LINDA FAYE RAMSEY, AN INFANT, BY HER GUARDIAN AD LITEM, GRADY
RAMSEY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

No. 7628SC815

(Filed 6 April 1977)

1. **Insurance § 85— "owned" vehicle — transfer of title required**
Under N. C. law an automobile is not "owned" within the meaning
of an automobile liability insurance policy until the transferee obtains
from the transferor a properly executed certificate assigning and war-
ranting title.

2. **Insurance § 85— non-owned vehicle — inapplicability to regularly used
vehicle**
Pursuant to insured's policy with defendant insurance company,
all cars which were not owned within the meaning of G.S. 20-72(b)
were insured "non-owned" automobiles except those which were fur-
nished for the regular use of insured or his relatives; therefore, a
car purchased by insured and his son and used by them, but for
which they did not yet have the certificate of title or license tags, was
furnished for the regular use of the insured and his son and was
therefore not insured under the "non-owned" clause of the insured's
policy.

APPEAL by defendant from *H. Martin, Judge.* Judgments
entered 4 June 1976 and 12 July 1976 in Superior Court, BUN-
COMBE County. Heard in the Court of Appeals 16 March 1977.

These cases arise out of an automobile accident in which
Vernon Lee Franklin, a minor, allegedly struck and injured
the plaintiffs, Leila Ann Gaddy and Linda Faye Ramsey. Each
girl sued Vernon Lee Franklin and his father, Lee B. Franklin,
and each recovered a judgment against the defendants. At the
time of the accident, Lee B. Franklin owned an automobile lia-
bility insurance policy written by State Farm Mutual Automo-
bile Insurance Company (State Farm). However, State Farm

refused to defend the actions against the Franklins, or to pay the judgments, up to the policy limits of $10,000 for each plaintiff, because State Farm decided that Lee B. Franklin's policy did not cover the car which Vernon Lee Franklin was driving. Plaintiffs, therefore, brought these actions against State Farm to enforce their claims. Defendant denied that its policy extended coverage to plaintiffs, because the car driven by Franklin was neither an owned nor a non-owned vehicle as defined in Lee B. Franklin's policy.

The facts relevant to this appeal are as follows: On 2 December 1970, Vernon Lee Franklin and his father, Lee B. Franklin, purchased a 1957 Chevrolet automobile from David Webb Fender (Fender) for $350. Though Fender, an automobile salesman, was the owner of the car, he did not have either the certificate of title or the license tags for the car and was unable to provide these necessary items at the time of sale. Fender, however, did not explain the consequences of these facts to the Franklins, nor did he caution them not to use the car until they obtained the title certificate and license tags.

The Franklins took the car home. (How they did so without the license tags is not revealed in the record.) Three days later, on 5 December 1970, Lee B. Franklin told Vernon Lee Franklin that he could remove the license tags from Lee B. Franklin's Ford automobile, attach them to the 1957 Chevrolet and drive the car. The boy did so. Later that day he struck the two girls.

All parties moved for summary judgment, and from summary judgments in favor of plaintiffs, defendant appeals.

*Lentz & Ball, P.A., by E. L. Ball, Jr., for plaintiff appellee Leila Ann Gaddy.*

*Bruce A. Elmore and George W. Moore, by George W. Moore, for plaintiff appellee Linda Faye Ramsey.*

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis, P.A., by Roy W. Davis, Jr., for defendant appellant.*

ARNOLD, Judge.

[1]   Lee B. Franklin's insurance policy provides coverage to the "owned" automobile described in the policy, to a newly acquired "owned" automobile for the first thirty days after

acquiring ownership, provided that the new automobile replaces a previous "owned" vehicle, and to any "non-owned" automobiles as defined in the policy. Under North Carolina law, an automobile is not "owned" within the meaning of an automobile liability insurance policy until the transferee obtains from the transferor a properly executed certificate assigning and warranting title. G.S. 20-72(b) ; *Nationwide Mutual Insurance Co. v. Hayes,* 276 N.C. 620, 174 S.E. 2d 511 (1970). Because Lee B. Franklin did not have the certificate of title at the time of the accident, clearly, the 1957 Chevrolet was not an "owned" automobile within the terms of the policy. The question of whether or not the State Farm policy covered Vernon Lee Franklin's Chevrolet depends, then, on whether or not the car was a "non-owned" automobile within the meaning of the policy.

[2]   The policy says in pertinent part:

> "The following are insureds. . . : (b) With respect to a non-owned automobile; (1) the named insured, (2) any relative, but only with respect to a private, passenger automobile or trailer, provided his actual operation or . . . use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission . . . .

> " 'Non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." (Emphasis added.)

In other words, all cars which are not owned within the meaning of G.S. 20-72(b) are insured "non-owned" automobiles *except* those which are *furnished for the regular use of* the insured or his relative.

State Farm argues that the automobile in question was furnished by Fender, its owner, for the regular use of the Franklins. State Farm cites two North Carolina Court of Appeals cases in support of its position, *Nationwide Mutual Insurance Co. v. Bullock,* 21 N.C. App. 208, 203 S.E. 2d 650 (1974), and *Devine v. The Aetna Casualty & Surety Co.,* 19 N.C. App. 198, 198 S.E. 2d 471 (1973), *cert. den.* 284 N.C. 253, 200 S.E. 2d 653 (1973). *Bullock* is distinguishable. In that case the car owner, an invalid, had an arrangement with a friend whereby

the friend was given custody of the car. The friend regularly used the car for her personal business as well as to carry the invalid owner. This was a permanent arrangement, so the car was unquestionably being furnished for the regular use of the driver. Therefore, when the car was involved in an accident, her insurance policy did not cover the car under its "non-owned" automobile clause.

*Devine v. The Aetna Casualty & Surety Co., supra,* State Farm's other cited authority, is factually indistinguishable from the case at bar. Briefly stated, that case involved a driver who purchased a car but did not obtain title and license tags. He drove the car and was involved in an accident. This Court held that the car was furnished for regular use and, therefore, not insured under the "non-owned" car clause in the driver's policy.

Lee Franklin and his son had unrestricted use and possession of the Chevrolet car from the time the sales agreement was entered until the accident. They would have retained this unrestricted use and possession until proper registration and insurance were obtained had it not been for the accident. We conclude that the car was "furnished for the regular use of" the insured and his son within the meaning of the policy. Therefore, the car was not insured under the "non-owned" clause of the insured's policy.

Where an insured driver has the unrestricted use and possession of an automobile, the certificate of title for which is retained by another, the car is "furnished for the regular use of" the insured driver, and thus not covered by the "non-owned" clause of the policy. To hold otherwise would require the insurer to assume the risk of providing coverage of a vehicle not contemplated in the contract of insurance. This result is in accord with the purpose of the "non-owned" automobile clause as stated by this Court in *Devine:*

> "The clear import of the provision excluding coverage of another's automobile which is furnished the insured for his 'regular use' is to provide coverage to the insured while engaged in only an infrequent or merely casual use of another's automobile for some quickly achieved purpose but to withhold it where the insured uses the vehicle on a permanent and recurring basis." *Id.* at 206.

Vernon Lee Franklin's use of the car was not casual. He had acquired a car which he meant to use on a permanent basis.

All the evidence indicates that the 1957 Chevrolet in question was neither an "owned" nor a "non-owned" vehicle covered by the policy. The court should have granted summary judgment to defendant, State Farm, in each action. Accordingly, summary judgment for plaintiffs is reversed. This cause is remanded with directions that summary judgment be entered for defendant.

Reversed and remanded.

Chief Judge BROCK and Judge PARKER concur.