NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY v.
MELINDA BAREFOOT WARREN AND CATHERINE POPKIN

No. 883SC1070

(Filed 5 July 1989)

**Insurance § 85— nonowned vehicle—availability on restricted basis—vehicle not available for regular use—no exclusion under driver's insurance policy**

A nonowned vehicle available for defendant's use for a limited number of weeks and for the limited purpose of transporting herself and medical students between Greenville and Goldsboro was not for defendant's exclusive, unrestricted use; therefore, the vehicle was not furnished for her "regular use" and so was not excluded from coverage under her insurance policy with plaintiff.

APPEAL by plaintiff from *Reid (David E., Jr.), Judge.* Judgment entered 5 August 1988 in Superior Court, PITT County. Heard in the Court of Appeals 18 April 1989.

Though no exception was taken, in its brief plaintiff poses the question of justiciable controversy as to the amended complaint. Considering that this Court previously so found *ex mero motu* in the first appeal of this case that there was no justiciable controversy, the suggestion is not frivolous. However, we find the matter properly before us on this appeal.

*Baker, Jenkins & Jones, P.A.,* by *Ronald G. Baker,* for plaintiff-appellant.

*Henderson, Baxter & Alford, P.A.,* by *B. Hunt Baxter, Jr.,* for defendant-appellee Melinda Barefoot Warren.

*Marvin Blount, Jr.,* by *Marvin Blount, Jr.,* and *Albert Charles Ellis,* for defendant-appellee Catherine Popkin.

LEWIS, Judge.

The only question before us is the correctness of the order granting summary judgment for defendants on the issue of the meaning of a clause in an auto liability insurance policy excluding non-owned autos provided for "regular use." We affirm the trial court's granting of summary judgment.

Both defendants were students of the East Carolina University Medical School. Melinda B. Warren (Dr. Warren) was a resident, and Catherine Popkin (Dr. Popkin) was a medical student. At all relevant times, plaintiff, North Carolina Farm Bureau, provided an insurance policy for Dr. Warren and her husband stating its commitment to pay damages for any "concerned person" and to settle or defend any claim against the insured. The listed exclusions included the following:

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle other than your covered auto, which is:

a. owned by you *or*

b. furnished for your *regular use.*

(Emphasis added.)

In January 1985, Dr. Warren was on rotation at the Wayne Memorial Hospital. Eastern Area Health Education Agency (AHEC) furnished an automobile for her use in travelling between Greenville and Goldsboro. She obtained the keys to this car approximately three weeks before the accident complained of and expected to use the car for several more weeks. Hers was not an exclusive use as medical students drove the car from time to time and she only drove it to make her scheduled trips, at least five times each week to Goldsboro. Dr. Warren never drove the car for personal reasons.

## N.C. FARM BUREAU MUTUAL INS. CO. v. WARREN

[94 N.C. App. 591 (1989)]

On 29 January 1985, Dr. Warren was operating the AHEC auto en route to the Wayne Memorial Hospital with Dr. Popkin as a passenger. Both had medical duties at the hospital. An accident occurred, and Dr. Popkin was injured. Dr. Popkin has sued Dr. Warren in another case. Plaintiff, Dr. Warren's private insurer, filed this case to determine its liability under the policy.

Plaintiff contends it is not liable under Dr. Warren's personal insurance policy as the AHEC auto was furnished for her regular use. North Carolina cases interpreting the regular use exclusion in auto policies examine not whether the vehicle is "furnished for regular use" but rather whether it is actually used frequently or regularly.

In *Whaley v. Insurance Co.*, 259 N.C. 545, 131 S.E. 2d 491 (1963), the manager of a store was furnished an automobile for business use only. Nevertheless, he used it on numerous occasions for both company and personal matters. The manager had an accident while on a personal fishing trip. Our Supreme Court held the vehicle was furnished for his regular use and coverage was excluded under his personal insurance policy. *Id.*

In *Whisnant v. Insurance Co.*, 264 N.C. 195, 141 S.E. 2d 268 (1965), the employer furnished its employee a vehicle for business purposes. The employee consistently used the vehicle only for business. In an emergency, the employee used the car only one time for personal reasons and was involved in an accident. Our Supreme Court found that the vehicle was not furnished for regular use and thus was not excluded from coverage under the employee's personal insurance policy. *Id.* As in *Whaley, supra,* the Court examined the availability for and frequency of use of the automobile.

When the vehicle was available but mechanically unsound and used only once in two years prior to the accident which gave rise to the case, the Court held the vehicle was not available for regular use. *Jenkins v. Aetna Casualty and Surety Company,* 324 N.C. 394, 378 S.E. 2d 773 (1989). "Available for regular use" is thus interpreted to mean actually used on an unlimited and unrestricted basis. *See also Gaddy v. Insurance Co. and Ramsey v. Insurance Co.,* 32 N.C. App. 714, 233 S.E. 2d 613 (1977); *Insurance Co. v. Bullock,* 21 N.C. App. 208, 203 S.E. 2d 650 (1974). Unlike Worker's Compensation cases, this line of legal precedent does not turn on the use of the vehicle in the course and scope of employment or within the restricted use.

In this case, the vehicle was available for Dr. Warren's use for a limited number of weeks and for the limited purpose of transporting herself and the students to and from Goldsboro. The car was not for Dr. Warren's exclusive use as other students drove the car when Dr. Warren had to stay over at the Goldsboro hospital. Under these facts, we find the vehicle was not furnished for Dr. Warren's regular use and is therefore not excluded from coverage under her insurance policy with plaintiff. Summary judgment for defendants was proper.

Affirmed.

Judges ARNOLD and GREENE concur.