BETTS v. GREAT AMERICAN INSURANCE COMPANIES

[114 N.C. App. 260 (1994)]

Affirmed.

Judges ORR and WYNN concur.

---

RONNIE LYNN BETTS v. GREAT AMERICAN INSURANCE COMPANIES

No. 9311DC675

(Filed 5 April 1994)

**Insurance § 571 (NCI4th)— automobile insurance—other vehicle exclusion—applicable**

The trial court properly granted summary judgment for defendant insurance company where plaintiff was injured while driving a dump truck used in his family's farming operation and titled in the name of one of his parents and defendant denied payment and moved for summary judgment based on a policy provision which excluded coverage for injury sustained while occupying or when struck by any vehicle other than the covered auto which was owned by the insured or furnished for the insured's regular use. Although plaintiff contended that the dump truck was furnished for use by the farm and not for his regular use, and that the truck was not furnished for his use because it was available to and used by other farm personnel, this case falls squarely under *North Carolina Farm Bureau Mut. Ins. Co. v. Warren*, 326 N.C. 444.

**Am Jur 2d, Automobile Insurance § 244.**

**When is automobile furnished or available for regular use within "drive other car" coverage of automobile liability policy. 8 ALR4th 387.**

**Exclusion from "drive other cars" provision of automobile liability insurance policy of other automobile owned, hired, or regularly used by insured or member of his household. 86 ALR2d 937.**

Appeal by plaintiff from summary judgment entered 27 April 1993 by Judge Albert A. Corbett, Jr. in Harnett County District Court. Heard in the Court of Appeals 22 March 1994.

*Kelly & West, by Johnny C. Chriscoe, Jr. and W. Ty Sawyer,
for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, by Robert H. Griffin, for
defendant-appellee.*

WYNN, Judge.

On 31 October 1991 plaintiff, Ronnie Lynn Betts, was driving a dump truck used in his family's farming operation and titled in the name of one of his parents. He was involved in an accident and incurred $2,630.52 in medical expenses. He sought payment from defendant, Great American Insurance Company, under his personal automobile insurance policy. When defendant refused coverage, plaintiff sued for breach of contract. Summary judgment was granted for defendant on 27 April 1993. Plaintiff appeals.

Defendant excluded plaintiff from coverage pursuant to a provision in the policy which states:

We do not provide Medical Payments Coverage for any person for bodily injury:

. . . .

4. Sustained while occupying, or when struck by, any vehicle (other than your covered auto) which is:

a. owned by you; or

b. furnished for your regular use.

Plaintiff argues that this provision does not apply because the vehicle in question was not furnished for his regular use.

The facts of this case fall squarely under *North Carolina Farm Bureau Mut. Ins. Co. v. Warren*, 326 N.C. 444, 390 S.E.2d 138 (1990). In that case, defendant, Dr. Warren, was a medical resident at the East Carolina University School of Medicine in Greenville, North Carolina. While serving an eight-week rotation at Wayne County Memorial Hospital in Goldsboro, North Carolina, Dr. Warren regularly drove between Greenville and Goldsboro in a van owned by the East Area Health Education Agency. She was allowed to use the van only for transportation to and from Goldsboro during this rotation, and she was specifically prohibited from using the van for personal business or pleasure. Occasionally, a medical student would drive the van to Goldsboro and Dr. Warren would

ride with another. One day while driving the van, Dr. Warren was involved in an accident in which one of her passengers was injured. The plaintiff insurance company, who had issued Dr. Warren's personal automobile liability insurance policy, brought a declaratory judgment action to determine whether the van was "furnished for [her] regular use," within the meaning of that policy, thus excluding it from liability coverage. The Supreme Court held that it was.

The exclusion clause in *Warren* applied to liability coverage, while the clause in Betts's policy applies to medical payments coverage. Nevertheless, the clauses contain identical language, and we use the *Warren* analysis in determining whether the farm truck was furnished for Betts's regular use.

Plaintiff Betts argues that the regular use exclusion does not apply because the dump truck was not furnished for *his* regular use, as his policy specifies, but rather, for use by the farm. However, in *Warren*, Dr. Warren used the vehicle solely as an employee, in furtherance of the medical school's purposes. In fact, she was expressly prohibited from using the van for personal business or pleasure. Nevertheless, the Supreme Court found this use to be "[her] regular use." Following *Warren*, we decline to construe the phrase "your use" to mean your *personal* use, as plaintiff urges.

Plaintiff further contends that the fact that the vehicle was available to and used by other farm personnel meant that it was not "furnished for [his] use." However, in *Warren*, the van provided for Dr. Warren was occasionally driven by medical students during the rotation. The Court held that the regular use exclusion applied. "Under the facts and circumstances of this case, for Dr. Warren's use of the van to have been 'regular,' it was not necessary that the van's availability be exclusive or permanent." *Warren*, 326 N.C. at 447-48, 390 S.E.2d at 140. So long as the insured driver regularly used the vehicle, it is irrelevant that others also used it.

We find no basis upon which to distinguish this case from *Warren*. Accordingly, the trial court's entry of summary judgment for defendant is affirmed.

Affirmed.

Judges Wells and Orr concur.